Louis NAVARRO, Petitioner–Appellant,

v.

**INTERNAL REVENUE SERVICE,**
**Respondent–Appellee.**

No. 09–4001–cv.

United States Court of Appeals,
Second Circuit.

May 25, 2010.

---

Louis Navarro, Fort Ann, NY, pro se.

John A. DiCicco, Acting Assistant Attorney General; Michael J. Haungs and John Schumann, Attorneys, Tax Division, Department of Justice, Washington, D.C.; Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, ROGER J. MINER, and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Appellant Louis Navarro, *pro se*, appeals the two rulings of the magistrate judge, one denying Navarro's motion to quash four Internal Revenue Service ("IRS") third-party summonses, the other denying reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the dismissal of a motion to quash an IRS summons for lack of subject matter jurisdiction. *See Upton v. I.R.S.*, 104 F.3d 543, 545 (2d Cir.1997). In general, "[t]he United States and its agencies enjoy immunity from suit except insofar as Congress has enacted legislation effecting an unequivocal waiver," *id.*, and, relevant to the instant case, under 26 U.S.C. § 7609, Congress created a discrete and limited waiver of that immunity solely for the purpose of permitting a taxpayer to "quash an administrative summons served on a third-party recordkeeper," *Upton*, 104 F.3d at 545 (internal quotations omitted). However, a taxpayer's ability to quash a summons—and thereby overcome sovereign immunity—requires strict compliance with the applicable statute. Therefore, a taxpayer may bring an action to quash a third-party summons within twenty days of receiving notice thereof, but only if the taxpayer "mail[s] by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice." 26 U.S.C. § 7609(b)(2)(B); *see also Upton*, 104 F.3d at 546 (describing procedure).

Our review of this record confirms that Navarro failed to comply with the requirements of § 7609(b)(2)(B), and therefore did not overcome the presumptive immunity of the United States. Accordingly, the magistrate judge properly determined that he lacked subject matter jurisdiction to consider Navarro's motion to quash, and, for this reason, did not err by denying Navarro's motion for reconsideration. *See RJE Corp v. Northville Indus. Corp.*, 329 F.3d 310, 316 (2d Cir.2003) (*per curiam*) (denial of motion for reconsideration reviewed for abuse of discretion).

For the foregoing reasons, the orders of the magistrate judge are hereby **AFFIRMED.**